(No. 1747— )

JOHN L. LEACH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1932.*

WALTER E. LINDGREN, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE ROE delivered the opinion of the court:

The claimant, John L. Leach, presents a claim for damages in the amount of Ten Thousand Dollars because of injuries received by him while employed as military training officer at the St. Charles School for Boys on March 9, 1929. It appears that in the evening of this day the daughter of the managing officer, Mr. Otto A. Elliott, was married. The claimant discovered before the departure of the wedding party that the automobile in which the newly married couple were to ride was chained to another car. The wedding event had occasioned the gathering of several cars. As these cars were lining up to leave, the claimant had gone out to call attention to the fact that two cars were chained together, and with this evident intention of unfastening the chain. As he approached the place of departure the wedding party started away. With a flashlight in his hand he attempted to hail the cars. They paused, and he went to the rear car. As he was doing so the chauffeur in the front car started on. The claimant then crossed the highway toward the place where his car was parked. Just after he had crossed he was struck by an automobile going in the opposite direction to the wedding cars. This car was running at a high rate of speed without lights and had swung off the highway to give the cars of the wedding party more room. The claimant was thrown about forty feet by the impact and most severely injured.

Because of the accident the claimant suffered a comminuted fracture of the left femur; fracture of the right radius

ulna; fracture of one of the bones of the right hand; lacerated wound over the nose and another one over the right temple, and a severe nervous shock. These injuries caused the claimant to be confined in various hospitals for a period of eleven months, the amputation of one leg and the stiffening of the other leg.

There is no doubt that the injuries received by the claimant were exceedingly painful. His resultant condition is deplorably serious.

The evidence established the fact that the injuries were received while he was an employee of the State of Illinois in the regular performance of his duties. In this regard the testimony of the managing officer was as follows: "I had given Mr. Leach and the other men instructions in the event of any disturbance or trouble in or about the institution, that they were to take care of the trouble or disturbance as soon as they learned of it. These were specific instructions given by me. This same rule had prevailed at the institution for many years prior to this time. If any of these special men did not take care of trouble or disturbance such as was caused on March 9th, they would have been subjected to being fired or suspended for neglect of duty. It would be impossible to conduct the affairs of the institution without such a condition prevailing."

Although it is conceded by the attorney for the claimant that there is no legal liability, the claim is urged upon the ground of social justice, and that under the doctrine of equity and good conscience an award should be made in this case. It is true that under certain circumstances this court has held that such an award might be made when the claimant was acting clearly in the course of his employment and within the scope of his duties as an employee of the State. In this case the court finds that the claimant was so acting.

Since the accident claimant has received a salary of Eighteen Hundred Dollars per year, making a total of Fifty-four Hundred Dollars ($5,400.00) for the past three years. Taking this fact into consideration and allowing hospital and doctor's bills, compensation for the loss of one leg and sixty per cent loss of the other leg and temporary disability, the claimant would be entitled to receive Thirty-eight Hundred Dollars ($3,800.00).

While we do not concede any legal liability on the part of the State of Illinois, we believe on the grounds of fairness, equity and good conscience, under all the circumstances, that the claimant should be reimbursed for the losses sustained and this court therefore recommends that payment be allowed in the sum of Thirty-eight Hundred Dollars ($3,800.00) in complete and final settlement of all claims and demands occasioned by said injuries.